UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD COPLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:12CV363 JAR |
| | ) |
| MR. HEATER, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion of Defendant Orscheln Farm and Home LLC to Dismiss (ECF No. 5) and Plaintiff's Motion for Remand (ECF No. 12). These motions are fully briefed and ready for disposition.

**LEGAL STANDARD FOR MOTION TO REMAND[1]**

Defendants, as the party seeking removal and opposing remand, have the burden of establishing federal subject matter jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assurance Co., 992 F.2d at 183; Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)).

---

[1]The Court addresses only Plaintiff's Motion to Remand because it is dispositive of this action and, consequently, the Court does not reach Defendant Orscheln's Motion to Dismiss.

**DISCUSSION**

In his Motion to Remand, Plaintiff asserts that this Court lacks jurisdiction because complete diversity does not exist between the parties. See 28 U.S.C. §1332. Specifically, Plaintiff notes that Plaintiff and Defendant Orscheln are both residents of the State of Missouri.

In response, Defendants assert that this Court has jurisdiction over this matter because there is complete diversity between the parties. Defendants claim that defendant Orscheln Farms and Home, LLC ("Orscheln") was fraudulently joined in this action and its residency in Missouri should not be considered for purposes of determining whether complete diversity exists.

"[U]nder the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by 'fraudulently joining a defendant who has no real connection with the controversy.'" Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1214 (8th Cir. 2011)(quoting Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011)). To prove that a plaintiff fraudulently joined a diversity-destroying defendant, courts require "a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson, 634 F.3d at 980 (quoting Filla v. Norfolk & Southern Ry., 336 F.3d 806, 810 (8th Cir. 2003)). "Under this standard, 'if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" Id. Joinder is not fraudulent, however, where "'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Knudson, 634 F.3d at 980 (quoting Filla, 336 F.3d at 811).

Defendants assert that Plaintiff's claim against Orscheln has no reasonable basis in fact and law because Orscheln is an innocent seller under the Missouri Innocent Seller statute, §537.762, R.S. Mo. The Innocent Seller statute provides that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as

provided in this section." §537.762.1, R.S. Mo.  Defendants note that the Missouri Supreme Court has held that the Innocent Seller statute is both procedural and substantive.  See Gramex Corp. v. Green Supply, 89 S.W.3d 432, 446 (Mo. 2002)("It is clear that our legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762.").  In turn, federal courts have cited the Gramex decision as authority for applying the substantive provisions of the Innocent Seller statute in federal court.  See Wichmann v. P&G Mfg. Co., No. 4:06CV1457, 2006 U.S. Dist. LEXIS 89407, at *6, n.3 (E.D. Mo. Dec. 11, 2006)(holding that, as discussed in Gramex, the substantive provisions of the Innocent Seller statute are applicable under the Erie doctrine)[2]; Thomas v. Brown & Williamson Tobacco Corp., No. 06-0223, 2006 U.S. Dist. LEXIS 28261, at *9 (W.D. Mo. Apr. 28, 2006)(citing Gramex for the proposition that "this statute has been held to be substantive, rather than a procedural device, and therefore [the Innocent Seller] statute is applicable in federal court"); Spears v. Bayer Corp., No. 03-1151, 2004 U.S. Dist. LEXIS 29732, at *6 (W.D. Mo. Mar. 29, 2004)("Because the state's highest court has concluded that the Innocent Seller law is substantive, this Court is bound to apply the law in this diversity action.").[3]

---

[2]Under the Erie doctrine, of course, state procedural law does not apply to federal courts. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

[3]The Spears v. Bayer Corp. court determined that the Innocent Seller statute was both substantive and procedural:
> The Innocent Seller statute appears to have two substantive portions. The first states that the law applies to a case in which the defendant's liability is premised solely upon his status as a seller of the product in the stream of commerce. Mo. Rev. Stat. § 537.762(1). The second substantive part provides that such a defendant may be dismissed from the action if there is before the court another defendant, such as the manufacturer of the allegedly defective product, from whom total recovery may be had. Mo. Rev. Stat. § 537.762(2). The remainder of the law appears to be procedural.

Id., 2004 U.S. Dist. LEXIS 29732, at *8.

Defendants also contend that subsections 6 and 7 of the Innocent Seller statute do not preclude removal.  These sections purport to require courts to consider a retailer defendant for purposes of jurisdiction and venue, even if it is dismissed under the Innocent Seller statute. Specifically, subsection 6 provides that "No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced.  A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes."  Likewise, subsection 7 provides that  "An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition."  Defendants, however, assert that once a federal court, sitting in diversity, determines under the two substantive portions of the Innocent Seller statute that a defendant retailer is entitled to dismiss, then it need not apply the procedural portions of the statute under the Erie doctrine.  (ECF No. 20, p. 10) (citing Spears, 2004 U.S. Dist. LEXIS 29732, at *6).

In response, Plaintiff argues that Orscheln is a party to this action and must be considered for purposes of determining diversity jurisdiction.  Moreover, Plaintiff asserts that, under the Erie doctrine, the Innocent Seller statute is inapplicable because it is procedural.  Finally, even if the purported substantive portions of the Innocent Seller statute are applicable in federal court, Plaintiff contends that this Court, nevertheless, must consider Orscheln for purposes of diversity jurisdiction pursuant to subsections (6) and (7).

Based upon the Petition, the Court finds that complete diversity does not exist between the parties.  Missouri's Innocent Seller statute, §537.762, "does not affect a defendant's potential liability to a plaintiff at the pleadings stage, but rather establishes an affirmative defense." Fahy v. Taser Int'l, Inc., No. 4:10CV19, 2010 U.S. Dist. LEXIS 11659, at *5 (E.D. Mo. Feb. 10, 2010)(citing Dorsey v. Sekisut Am. Corp., 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999)).  "As Missouri courts

have explained. § 537.762 'does not change the substantive law relating to an innocent seller's liability.'" Fahy, 2010 U.S. Dist. LEXIS 11659, at *5-6 (quoting Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997)). "'A seller in the stream of commerce is still subject to liability under the doctrine of strict product liability.'" Fahy, 2010 U.S. Dist. LEXIS 11659, at *6 (quoting Malone, 965 S.W.2d at 182). "[A]n innocent seller may be dismissed only if 'another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.'" Dorsey, 79 F. Supp. 2d at 1091(quoting § 537.762.2, R.S. Mo.). In other words, the Innocent Seller statute does not preclude an injured party from bringing suit against a retailer; instead, the purpose of section 537.762 "is to allow a seller in the stream of commerce to be released at an early stage of the litigation, rather than wait until the completion of litigation to obtain indemnity." Malone, 965 S.W.2d at 182.  Because the Innocent Seller statute provides an "avenue of defense only," the statute does not provide a basis for determining that diversity jurisdiction did not exist at the time of filing based upon the purported fraudulent joinder of a retailer. Fahy, 2010 U.S. Dist. LEXIS 11659, at *6 (citing Dorsey, 79 F. Supp. 2d at 1091).

Moreover, even if the Innocent Seller statute could provide a basis for finding fraudulent joinder, the Court finds that Plaintiff alleges a colorable claim against Orscheln. Plaintiff alleges that the seller failed to provide adequate warnings of the heater's inherent hazards and dangers. (Petition, ECF No. 6, ¶9). The Court finds that an arguably reasonable basis exists to find Orscheln liable for failure to warn or improper warning based upon the facts alleged. Knudson, 634 F.3d at 980. Orscheln was not fraudulently joined in this action and, therefore, complete diversity does not exist between the parties. This action shall be remanded to the Circuit Court of Crawford County, State of Missouri.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 12) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of Crawford County, State of Missouri.  An appropriate Order of Remand will accompany this order.

Dated this 7th day of May, 2012.

------

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE